IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DAVID WARD ADKINS,

           Plaintiff,

v.                                    CIVIL ACTION NO. 3:04-0001

UNITED STATES OF AMERICA,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the Defendant United States' Motion to Exclude Plaintiff's Expert, Roger L. Russell, P.E., P.S. [Docket 47]. Because the plaintiff's disclosure of Mr. Russell was untimely, the motion is hereby **GRANTED**.

The original scheduling order mandated disclosure of expert witnesses by the plaintiff on October 1, 2004. The plaintiff made no such disclosures on that date and made no motions for a continuance of that deadline. On January 26, 2005, for reasons appearing to the court, an amended scheduling order was entered. That amended scheduling order pertained solely to *remaining* deadlines and did not extend the disclosure date for expert witnesses. On February 17, 2005, the plaintiff made an unopposed motion for a continuance of the trial date for the sole purpose of extending settlement negotiations. The plaintiff made no request for an extension of time to disclose expert witnesses. On February 22, the court granted the plaintiff's motion, and entered a second amended scheduling order extending the remaining deadlines.

The plaintiff relies on that form order as grounds for his untimely disclosure of Mr. Russell, which he made in the form of "Supplemental Rule 26(a)(2)(A)(B) Disclosures" on March 28, 2005. Specifically, he contends that because the court's second amended scheduling order refers to "all discovery" it thereby included disclosure of expert witnesses. The generic language contained in the court's second amended scheduling order was not intended to reopen the period for expert disclosures. The plaintiff's untimely disclosure is therefore not excused and must be excluded because the late notice prejudices the United States. *Fed. R. Civ. P. 37(c)(1)* ("A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."). Accordingly, the defendant's motion to exclude the plaintiff's expert [Docket 47] is **GRANTED**. The court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented party.

ENTER: June 1, 2005

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE